IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JERMANE E. BONNER, )
)
    Petitioner, )
)
v. ) Civ. Act. No. 10-0354
) Crim. Act. No. 02-0046
)
UNITED STATES OF AMERICA, )
)
    Respondent. )

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                                August 25, 2010

    This is an action to vacate sentence. On March 4, 2005, petitioner, Jermane E. Bonner, pleaded guilty to possession with intent to distribute fifty (50) grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii).

    On March 17, 2010, petitioner filed the pending motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 140, at Crim. No. 02-0046]. In the motion, petitioner argues that his original counsel, Assistant Federal Public Defender Michael J. Novara ("defense counsel"), was so ineffective that petitioner was denied his right to counsel guaranteed by the Sixth Amendment to the United States Constitution.

    Specifically, petitioner contends that defense counsel was ineffective for failing: (1) to file a second motion regarding suppression of evidence; (2) to file a motion challenging subject matter jurisdiction on the grounds of collateral estoppel and

double jeopardy; and (3) to file a motion to withdraw petitioner's guilty plea.

The government opposes the motion and argues that petitioner was not denied effective assistance of counsel. For the reasons that follow, petitioner's motion to vacate sentence will be denied without a hearing.[1]

I.  BACKGROUND

   A.  Factual Background

On March 8, 2001, police officers Harbaugh, English, Stewart and Sweeney were in uniform and on duty in a police security booth at the entrance of a housing project in Stowe Township, Pennsylvania. United States v. Bonner, 363 F.3d 213, 215 (3d Cir. 2004). Around 11:40 p.m., officer Harbaugh noticed a vehicle leaving the housing project that had one headlight out and an expired inspection sticker. Officer Harbaugh signaled for the vehicle to stop. The driver of the vehicle, Nathan Stewart, complied. Aside from the driver, there were two passengers in the car: the driver's brother, Neil Stewart, who sat in the back seat

---

[1] A district court is required to hold an evidentiary hearing on a motion to vacate filed under 28 U.S.C. § 2255 "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). We find that a hearing is not required in this case because it is clear that petitioner is not entitled to relief.

2

of the vehicle, and petitioner, who sat in the front passenger seat.

After the driver stopped, officer Harbaugh approached the driver's side of the vehicle, and petitioner jumped out of the car and ran away from the scene. Officer Stewart chased him on foot and repeatedly yelled for him to stop running. Officer English began chasing petitioner in the patrol vehicle, but at some point, parked the vehicle and chased petitioner on foot. Eventually, officer English caught up with petitioner and tackled him. While officers Stewart and English were subduing and handcuffing petitioner, officer English noticed a clear plastic bag in petitioner's hand. The bag contained seven golf ball-sized rocks of crack cocaine, weighing 61.935 grams. The officers also seized $534.25 from petitioner during the arrest. Id.

B. Procedural History

Initially, petitioner was charged by the Commonwealth of Pennsylvania for his drug possession. While the state court charges were pending against petitioner, his drug possession was brought to the attention of federal authorities. On March 13, 2002, a federal grand jury charged petitioner with possession with intent to distribute 50 grams or more of crack cocaine. On September 3, 2002, petitioner filed a motion to suppress evidence, as he had in state court and which the state court granted, arguing that the officers lacked reasonable suspicion to suspect that

petitioner was involved in criminal activity on the night in question. On February 10, 2003, the district court granted petitioner's motion to suppress evidence.

On March 30, 2004, the United States Court of Appeals for the Third Circuit reversed, holding that the police had reasonable suspicion to stop petitioner. On March 4, 2005, petitioner pleaded guilty to possession with intent to distribute 50 grams or more of crack cocaine. As a result of petitioner's prior felony convictions, he was classified as a "career offender", and was subject to a sentencing guidelines range of 262 to 327 months.

At the September 23, 2005 sentencing hearing, the court granted petitioner a substantial downward variance and sentenced him to 180 months (fifteen years) of imprisonment, followed by five years of supervised release. Petitioner did not file an appeal from his sentence.

On August 28, 2006, petitioner filed a pro se[2] motion to vacate his sentence, arguing ineffective assistance of counsel. In particular, he alleged that defense counsel failed: (1) to file a notice of appeal despite being instructed to do so; (2) to file an additional pretrial suppression motion to challenge whether

---

[2] On a motion to vacate, set aside, or correct sentence, the papers of a pro se litigant, like petitioner in this case, are held to less demanding standards than those drafted by lawyers. See United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007).

4

probable cause existed for his arrest; and (3) to file a pretrial motion challenging subject matter jurisdiction.

Defense counsel conceded that he may have been ineffective by failing to file a direct appeal of petitioner's sentence. The government did not oppose that petitioner's appeal rights should be reinstated without prejudice to petitioner's right to file a new section 2255 motion.

On August 24, 2007, this court reinstated petitioner's direct appeal rights and dismissed the remainder of petitioner's original section 2255 claims as premature. In his appeal, petitioner alleged various sentencing errors. See United States v. Bonner, 300 Fed. App'x 142, 144-45 (3d Cir. 2008). The court of appeals affirmed in part, and remanded in part, "in order to give the District Court the opportunity to resentence [petitioner] in light of Kimbrough." Id. at 145.

Following remand, a hearing, and input from both counsel, the court reimposed petitioner's 180 month sentence of imprisonment. An amended judgment was entered. Petitioner appealed, challenging the reasonableness of the sentence. On January 21, 2010, the court of appeals affirmed petitioner's sentence. United States v. Bonner, No. 09-2352, 2010 WL 226351, at *3 (3d Cir. Jan. 21, 2010).

II. DISCUSSION

Petitioner's section 2255 motion is based upon an ineffective assistance of counsel argument. Specifically, petitioner contends that defense counsel was ineffective in the following three ways[3]:

> (1) defense counsel failed to file another motion to suppress evidence challenging "the nature" of the "stop as an unlawful arrest that lacked probable cause" after the court of appeals had already reversed this court's order suppressing evidence;
>
> (2) defense counsel failed to file a "pretrial motion challenging subject matter jurisdiction" based upon collateral estoppel and double jeopardy; and
>
> (3) defense counsel failed to file a motion to withdraw petitioner's guilty plea.

A. Applicable Law - Strickland

To succeed on an ineffective assistance of counsel claim, petitioner must prove: (1) that his counsel was deficient; and (2) that he was prejudiced by his counsel's deficiency. Strickland v. Washington, 466 U.S. 668, 687 (1984). The court of appeals has observed that, in order to satisfy the first prong of Strickland, petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Lewis v. Horn, 581 F.3d 92, 106 (3d Cir. 2009) (quoting Strickland, 466 U.S. at 688). Accordingly, we "must make every effort ... to eliminate the distorting effects of hindsight, to reconstruct the circumstances

---

[3] The first two of these bases were raised in petitioner's original motion to vacate.

6

of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 113 (citation and internal quotation omitted). As the court of appeals directs, we:

> must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Id. (citation and internal quotation omitted).

Generally speaking, the court of appeals advises that we first evaluate the prejudice prong of the Strickland test because "this course of action is less burdensome to defense counsel." United States v. Booth, 432 F.3d 542, 546 (3d Cir. 2005) (quoting United States v. McCoy, 410 F.3d 124, 132 n.6 (3d Cir. 2005) (internal quotations omitted)).

To establish prejudice, petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In other words, petitioner must show that there is a reasonable probability that his counsel's errors resulted in his conviction. See Glover v. United States, 531 U.S. 198, 203 (2001).

In essence, petitioner contends that his counsel was ineffective for failing to file three types of motions. For the reasons that follow, we find that defense counsel was effective, and that even if defense counsel would have filed those motions,

7

the outcome would have been the same. Accordingly, we will deny petitioner's motion with prejudice.

B. <u>The Allegations Of Ineffective Assistance Of Counsel</u>

1. <u>Motion to Suppress Evidence</u>

Petitioner contends that defense counsel was ineffective because, after the court of appeals reversed this court's order suppressing evidence, defense counsel did not file a second motion to suppress the evidence, arguing that the stop lacked probable cause and was therefore unlawful.

Petitioner first filed a motion to suppress evidence on September 3, 2002. This court granted that motion on February 10, 2003. On March 30, 2004, the court of appeals reversed the suppression order and concluded that the officers had probable cause to stop petitioner. The court of appeals explicitly stated that "[b]y reason of Bonner's flight in the course of a legitimate traffic stop, the officers had reasonable suspicion to stop him. Upon effectuating the stop the drugs were revealed, giving <u>probable cause</u> to arrest." <u>Bonner</u>, 363 F.3d at 218 (emphasis added).

In light of the court of appeal's ruling and remand, we find that it would have been frivolous for defense counsel to have filed a subsequent motion to suppress challenging the stop as unlawful based on a lack of probable cause. The court of appeals had already addressed the officers' stop and seizure of petitioner

and determined that the officers had probable cause, and that the stop and seizure as lawful.

Based on the foregoing, we find that defense counsel was effective. The fact that defense counsel did not re-file a motion that the court of appeals had already ruled upon could not have possibly made him ineffective. Accordingly, petitioner's motion to vacate on this ground is denied with prejudice.

### 2. Motion Challenging Subject Matter Jurisdiction

Petitioner also argues that defense counsel was ineffective for failing to challenge the district court's subject matter jurisdiction. Specifically, petitioner contends that, because the Commonwealth of Pennsylvania charged petitioner for his drug possession and ordered suppression of the evidence before the case was ever brought to the attention of the federal government, the district court does not have subject matter jurisdiction over petitioner's case, was collaterally estopped from re-deciding petitioner's motion to suppress, and violated the double jeopardy clause.

Initially, we note that this court has subject matter jurisdiction over actions brought pursuant to 28 U.S.C. § 2255 by defendants "in custody under sentence of a [federal] court" at the time of the filing. 28 U.S.C. § 2255. There is no dispute that petitioner was (and remains) in custody of the federal court when

he filed the pending motion to vacate. Therefore, the court has subject matter jurisdiction over this motion.

Under current precedent, neither double jeopardy nor collateral estoppel bar the instant prosecution. See United States v. Wilson, 413 F.3d 382, 390 n.10 (3d Cir. 2005) (prior rulings in a state court suppression hearing have no bearing on subsequent federal prosecution; finding that neither double jeopardy nor collateral estoppel apply); United States v. Pungitore, 910 F.2d 1084, 1106 n.18 (3d Cir. 1990) (because the state and federal government are not the same parties, the court of appeals has interpreted the doctrine to mean that "collateral estoppel does not apply to successive prosecutions by different sovereigns."); United States v. Grimes, 641 F.2d 96, 103-04 (3d Cir. 1981) (finding that successive state and federal prosecutions for same armed bank robbery did not violate the double jeopardy clause); United States v. Agee, 597 F.2d 350, 360 n.34 (3d Cir. 1979) ("'[i]n determining whether there has been an unreasonable search and seizure by state officers, a federal court must make an independent inquiry, whether or not there has been such an inquiry by a state court, and irrespective of how any such inquiry may have turned out.") (quoting Elkins v. United States, 364 U.S. 206, 223-24 (1960)).

Although the court of appeals has expressed concern regarding the prosecution of the same individual in both the state and federal system for the same crime, it has specifically held

10

that "we do not believe that we are the proper forum to overturn a legal directive from the Supreme Court." Wilson, 413 F.3d at 390 (citing Grimes, 641 F.2d at 104). Neither does this court. Thus, notwithstanding the policy issues raised by this case, we conclude that petitioner's prosecution in federal court was proper and that, for the reasons stated above, defense counsel was effective even though he did not file a motion to challenge subject matter jurisdiction. Accordingly, petitioner's motion to vacate on this ground will be denied with prejudice.

### 3. Motion To Withdraw Guilty Plea

Finally, petitioner contends that defense counsel was ineffective for failing to file a motion to withdraw petitioner's guilty plea.

Under the Federal Rules, "[a] defendant may withdraw a plea of guilty ... after the court accepts the plea, but before it imposes its sentence if ... the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d). Thus, the withdrawal of a defendant's guilty plea is a privilege, not a right. United States v. Smith, No. 05-0329, 2006 WL 2645153, at *3 (M.D. Pa. Sept. 14, 2006) (citation omitted). In other words, "[o]nce a court accepts a defendant's guilty plea, the defendant is not entitled to withdraw that plea simply at his whim." United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003) (citing United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001)).

11

When evaluating a motion to withdraw a guilty plea, a district court considers three factors: (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the guilty plea; and (3) whether the government would be prejudiced by the withdrawal. Jones, 336 F.3d at 252; see also Brown, 250 F.3d at 815.

Until now, petitioner has never raised any desire to withdraw his guilty plea. Petitioner never informed the court that he was dissatisfied in any way with the representation provided by defense counsel. During the change of plea hearing, the court asked petitioner whether he had "an ample opportunity to discuss" his case with counsel. Under oath, petitioner responded, "Yes, sir." The court then asked, "Are you satisfied with the job he has done for you so far?" Petitioner responded, "Yes, sir."

At the conclusion of that hearing, after the court had the opportunity to assess petitioner's demeanor and his answers to the numerous questions, the court found that:

> Because the defendant [petitioner] has acknowledged he is, in fact, guilty as charged in Count 1 of the indictment, because he knows his rights to a trial, the maximum possible penalties, and because he is voluntarily pleading guilty, I will accept his guilty plea and enter a judgment of guilty on the plea.

Likewise, at his sentencing hearing, petitioner informed the court that he was "here ... to be accountable for [his] actions, something that [he] wanted to do the day that this incident took place, because [he was] wrong. Petitioner's

12

statements, made under oath in open court, "carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Petitioner's belated claims of dissatisfaction with his counsel and that his plea was "involuntary" are directly refuted by his own sworn statements in the record, as well as by the court's findings.

Even if defense counsel would have filed a motion to withdraw petitioner's guilty plea, we find that the result would have been the same in this instance. The record indicates that petitioner understood what he was agreeing to at the time of his guilty plea and that he was aware of the alternative actions that were available. Nothing about the circumstances surrounding his guilty plea suggests that it was invalid. See Hill v. Lockhart, 474 U.S. 52, 56 (1985) (In order for a guilty plea to be valid, it must "represent[ ] a voluntary and intelligent choice among the alternative courses of action open to the defendant.") (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)).

Petitioner has acknowledged the voluntary nature of his decision to plead guilty and accepted responsibility for his actions. Petitioner has also failed to explain why he now takes a contradictory position before the court. Jones, 336 F.3d at 253 ("Once a defendant has pleaded guilty, he must then not only reassert innocence, but give sufficient reasons to explain why contradictory positions were taken before the district court ....")

13

(internal quotations omitted). As the court of appeals has stated, "[a] shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." Id. at 252 (citation and quotations omitted). Accordingly, had defense counsel filed a motion to withdraw petitioner's guilty plea, the court would have denied it. Therefore, petitioner's motion to vacate on this ground will be denied with prejudice.

III. CONCLUSION

Based on the foregoing, the record conclusively establishes that petitioner is not entitled to relief on his claim for a new trial based on ineffective assistance of counsel.

An appropriate order follows.

14

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERMANE E. BONNER,<br>    Petitioner, | )<br>)<br>) | |
| v. | )<br>) | Civ. Act. No. 10-0354<br>Crim. Act. No. 02-0046 |
| UNITED STATES OF AMERICA,<br>    Respondent. | )<br>) | |

ORDER

AND NOW, this 25th day of August, 2010, IT IS HEREBY ORDERED that petitioner's motion to vacate sentence [No. 142 at Crim. No. 02-0046] is DENIED.

IT IS FURTHER ORDERED that a Certificate of Appealability SHOULD NOT ISSUE with respect to the court's order denying petitioner's section 2255 motion because, for the reasons set forth in the memorandum, he has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Third Circuit Local Rule 22.2 (stating that "[i]f an order denying a petition ... under § 2255 is accompanied by an opinion ... it is sufficient if the order denying the certificate [of appealability] references the opinion ....").

The Clerk of Court is directed to mark this case closed.

BY THE COURT:

/s/ [signature], C.J.

cc: All Counsel of Record
    Jermane E. Bonner, pro se (I.D. No. 07400-068)
    Federal Detention Center
    9595 West Quincy
    Littleton, CO 80123